IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARREYLL T. THOMAS,

                Plaintiff,                        OPINION & ORDER

v.

                                                  23-cv-880-wmc

NICOLE LEE, MICHELLE WOLFF, and
HEALTH SERVICE ADMINISTRATOR LEWIS,

                Defendants.

Defendants Nicole Li, Michelle Wolff, and Health Service Administrator Shunta Lewis have filed a "Suggestion of Bankruptcy and Notice of Stay" for Wellpath, LLC (dkt. #56) and the "Amended Interim Order Enforcing The Automatic Stay" issued by the Bankruptcy Court for the Southern District of Texas, clarifying that the stay extends to "any lawsuits filed as of the Petition Date in which a Debtor is named as one of the defendants therein" in their entirety, "including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code." (Dkt. #56-2, at 1 n.3, 2.)  Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

Even though Wellpath is *not* a defendant in this case, § 362(a)(3) seems to apply here because defendants represent that Wellpath is required to defend and indemnify them in this case as its employees (dkt. #56, at 3), and those obligations could reduce the amount of insurance available to Wellpath.  *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001-02 (4th Cir. 1986) ("actions related to the bankruptcy proceedings against the insurer or against officers or employees of the debtor who may be entitled to

indemnification under such policy or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3)" (quotation marks omitted and emphasis added)).

In the present case, aside from defendants' "Suggestion of Bankruptcy and Notice of Stay," the only motion pending is plaintiff's motion for partial summary judgment. (Dkt. #57.) Although the court would expect that any employment practices liability insurance would cover the conduct of defendants in this case, it is unclear if Wellpath has such a policy or is self-insured. Regardless, the bankruptcy court will need to sort that out first. Given the procedural posture of this case and the likelihood that § 362(a)(3) applies here, therefore, this case is stayed pending further direction from the Bankruptcy Court.

## ORDER

IT IS ORDERED that:

1. The current schedule in this case is STRUCK and this case is STAYED until further notice.

2. Unless the stay is lifted by the court sooner, a status conference with the parties will be held by telephone on April 16, 2025, at 11:30 a.m. to address whether the stay should continue.

3. In the interim, counsel for the Wellpath employee defendants SHALL promptly notify the court of any relevant updates in the bankruptcy case, including clarification provided by the Bankruptcy Court or the Seventh Circuit as to the reach of the stay to ongoing actions naming Wellpath employees as defendants.

Entered this 14th day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge