IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARREYLL T. THOMAS,

Plaintiff,

v.

DR. NICOLE LI, MICHELLE WOLF,
SHUNTA LEWIS, and KALVIN BARRETT,

Defendants,

OPINION AND ORDER

23-cv-880-wmc

Darreyll Thomas, a state prisoner who is representing himself, was granted leave to proceed on claims against unidentified medical and mental health staff at Dane County Jail for allegedly failing to provide adequate mental health care in violation of the Fourteenth Amendment. (Dkt. #12.) After the appropriate staff were identified, the court granted plaintiff leave to amend his complaint, identifying the following defendants by name: Dr. Nicole Li, Michelle Wolf, and Shunta Lewis. (Dkt. #51.) Now before the court are: defendants Li, Wolf, and Lewis's motion for judgment on the pleadings (dkt. #76); defendant Barrett's motion to dismiss (dkt. #85); and plaintiff's motion to dismiss defendant Barrett (dkt. #88). Also before the court, though not fully briefed, is plaintiff's motion for partial summary judgment. (Dkt. #57.)[1]

For the reasons explained below, the court will: deny defendants Li, Wolf, and Lewis's motion for judgment on the pleadings; grant defendant Barrett's motion to dismiss;

---

[1] On January 10, 2025, plaintiff filed a partial motion for summary judgment. (Dkt. #57.) Four days later, the schedule for this case was struck and the action was stayed. (Dkt. #61.) As a result, no briefing schedule was set for plaintiff's summary judgment motion, nor was a response ever received.

deny plaintiff's motion to dismiss defendant Barrett; and deny plaintiff's motion for partial summary judgment.

## BACKGROUND FACTS

On December 21, 2023, plaintiff Darreyll Thomas commenced this action, asserting claims against "Doe" defendants for allegedly providing inadequate mental health care while he was being held by the Dane County jail.  Kalvin Barrett was also added as a nominal defendant to help identify Thomas's providers.  These Doe defendants were later identified as Nicole Li, Michelle Wolf, and Shunta Lewis.

Defendants Li, Wolf, and Lewis are current/former employees of Wellpath, which contracts with Dane County Jail to provide health care services.  On November 11, 2024, Wellpath Holdings, Inc., and its affiliated companies (the "Debtors"), filed petitions in the United States Bankruptcy Court for the Southern District of Texas.  *See In re Wellpath Holdings, Inc.*, Case No. 24-90533 (dkt. #1).  Soon after, defendants Li, Wolf, and Lewis also filed a Suggestion of Bankruptcy and Notice of Stay in this action.  In the bankruptcy proceeding, the Debtors subsequently filed their Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date on May 9, 2025, giving notice that their bankruptcy plan (the "Plan") was effective.  (*Id.*, at #2680.)

The plan defines three other relevant groups of people:  "Released Parties," "Related Parties," and "Releasing Parties."  Specifically, Released Party refers to "each Debtor… [and] the Related Parties of [each Debtor,]" unless a plaintiff/claimant elects to "opt out of or object to the Third-Party Release."  Further, "with respect to any Entity," Related Parties are "such Entity's  . . . employees . . . acting in such capacity whether current or

former."   Finally, Releasing Parties are "each Holder of a Claim that is or was an incarcerated individual … not affirmatively elect[ing] to opt out of being a Releasing Party."  (Dkt. #76, at 87-88.)

Among other things, the Plan itself provides that:

> To the fullest extent permissible under applicable law, other than in the case of willful misconduct, gross negligence, or actual fraud (but not, for the avoidance of doubt, Avoidance Actions), each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Released Party from any and all claims. . . .

(*Id.,* at 138-39.)

## OPINION

### I.  Motions to Dismiss Defendant Barrett

Defendant Barrett and plaintiff have separately moved to dismiss defendant Barret from this lawsuit, because he was only named in this lawsuit as a nominal defendant to help identify plaintiff's care providers.  Having served that purpose, the court will grant defendant Barrett's motion to dismiss and deem plaintiff's motion to voluntarily dismiss defendant Barrett as moot.

### II. Defendants Li, Wolf, and Lewis's Motion for Judgment on the Pleadings

In the court's screening order, plaintiff was granted leave to proceed on Fourteenth Amendment claims of inadequate mental health care against defendants Li, Wolf, and Lewis.  Specifically, the court noted that these claims were supported by plaintiff's allegations that these defendants were intentionally depriving him of his prescribed dosage

3

of Seroquel for a mental disorder, leading him to suffer from ongoing hallucinations. In moving for judgment on the pleadings, defendants argue these claims should now be dismissed as released in bankruptcy because they are current/former employees of Wellpath *and* plaintiff did not opt out of the third-party release before the deadline established by the bankruptcy court.

To survive a motion for judgment on the pleadings, a complaint must state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw at least a reasonable inference that a defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims that have been discharged in bankruptcy can be subject to dismissal for failure to state a claim. *E.g., Abercrombie v. Jack Cooper Transp. Co., Inc.*, No. 1:19-cv-503, 2020 WL 3841270, at *1 (N.D. Ind. July 8, 2020) ("Clearly, Plaintiff's claims were discharged in the bankruptcy, as further explained below, such that he fails to state a claim upon which any relief may be granted.").

Defendants' motion addresses whether (1) they are Released Parties and (2) plaintiff is a Releasing Party. However, the motion fails to address or analyze whether his claims are *excluded* from the third-party release and discharge provisions. Specifically, the Plan purports to exempt cases of "willful misconduct, gross negligence, [and] actual fraud" from the releases made by Releasing Parties, dkt. #76, at 138, but defendant has not discussed why plaintiff's claims, which allege *intentional* acts to withhold medication, are

4

not part of these exempted claims.[2]   Moreover, because these allegations support a Fourteenth Amendment claim, it would necessarily follow that they support at least a claim for gross negligence.  *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018) (recognizing inadequate medical care claims brought by pretrial detainees are subject to the Fourteenth Amendment and require plaintiff to show *more* than negligence or gross negligence).  Accordingly, defendants' motion for judgment on the pleadings must be denied.  However, defendants will be granted leave to renew their motion provided that they specifically address why plaintiff's claims are not excluded from the third-party release provision of the Plan as claims of willful misconduct or gross negligence.

### III. Plaintiff's Motion for Partial Summary Judgment

Finally, plaintiff also filed a motion for partial summary judgment in January 2025, four days before this action was stayed.  As a result, no briefing schedule was set, and despite the stay being lifted, this motion has remained in limbo.  At this time, the court will dismiss plaintiff's motion for partial summary judgment without prejudice.  Should this action advance past a renewed motion for judgment on the pleadings by defendants, plaintiff will have leave to renew his motion for partial summary judgment simply by notifying the court in writing that he is renewing his previously filed motion or filing a new motion with supporting documentation.

---

[2] Indeed, defendant's motion omits this clause of the release entirely in its brief.  (*See* dkt. #76, at 3 (beginning their quotation of the "Releases by the Releasing Parties" at "each of the Releasing Parties . . .").)

ORDER

IT IS ORDERED that:

1) Defendants Nicole Li, Michelle Wolf, and Shunta Lewis's motion for judgment on the pleadings (dkt. #76) is DENIED without prejudice. Defendants shall have until **August 13, 2026,** to file a new motion that corrects the deficiencies identified in the opinion above. If defendants timely renew their motion, plaintiff shall have 30 days to file a response. If defendants do not timely renew this motion, the clerk of court is directed to set a new scheduling conference before Magistrate Judge Boor to set new dispositive motion and trial deadlines.

2) Defendant Kevin Barrett's motion to dismiss (dkt. #85) is GRANTED and he is dismissed from this case.

3) Plaintiff's duplicative motion to voluntarily dismiss (dkt. #88) defendant Barrett is deemed MOOT.

4) Plaintiff's motion for partial summary judgment (dkt. #57) is DENIED without prejudice to plaintiff renewing it after the court has resolved defendants' motion for judgment on the pleadings.

Entered this 13th day of July, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

6